JAMES H. BISHOP & Co. *vs.* BUCKEYE PUBLISHING Co. *et al.*

Submitted on briefs April 17, 1894.   Reversed May 8, 1894.

No. 8377.

**Order granting a new trial when the verdict is manifestly correct.**
The preponderance of the evidence *held* to have been manifestly and palpably in favor of the verdict, so that an order granting a new trial for insufficiency of the evidence must be reversed.

Appeal by Buckeye Publishing Company, one of the defendants, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made February 18, 1893, granting plaintiff's motion for a new trial.

The plaintiff, James H. Bishop & Co., a corporation, brought this action against defendants, John F. Travis and Buckeye Publishing Company, another corporation, upon two promissory notes each for $568.95 dated July 5, 1888, and due one in three and the other in four months from that date. Both notes were made by Travis and were payable to the order of the Buckeye Publishing Company and were indorsed by it.

The Buckeye Publishing Company answered that on November 23, 1888, Travis paid both notes and that plaintiff on that day delivered both notes to Travis and by agreement between plaintiff and Travis both were cancelled; that on that day Jacob H. Cook made his note for $3,000 payable to the order of William Cheney four months thereafter which note Cheney indorsed and transferred to Travis and he delivered it to plaintiff and received therefor the two notes in suit and plaintiff's note for $1,796. The Buckeye Publishing Company did not know of or have anything to do with this transaction but were told and believed that the two notes in suit were paid. It appeared on the trial that Travis afterwards delivered to Cook the note for $1,796 and the two notes in suit as security to him for making the note for $3,000 for Travis' accommodation, and that Cook on July 2, 1890, gave them to plaintiff in satisfaction of his $3,000 note. The jury returned a verdict for defendant. On motion of the plaintiff the court set the verdict aside and granted

a new trial. The defendant, Buckeye Publishing Company, appeals. The discussion here was upon the evidence.

*Arctander & Arctander,* for appellant.

*Sutherland & Van Wert,* for respondent.

GILFILLAN, C. J. It is conceded by the parties, and is also apparent from the record, that the court below granted the motion for a new trial solely on the ground that the verdict was not justified by the evidence. The question therefore is, was the preponderance of the evidence "manifestly and palpably" in favor of the verdict?

Upon a careful perusal of it, we cannot avoid the conclusion that it was. The sole question was, did the transaction in which the plaintiff delivered to the maker the notes made by Travis, and as indorser of which defendant is now sued, amount to a satisfaction of them, or an extinguishment of the defendant's (the indorser's) liability upon them. There is no dispute that in that transaction plaintiff, the holder, on a sufficient consideration surrendered its right to them, and delivered them to the maker. Upon those facts *prima facie* the notes were extinguished. The plaintiff, having subsequently got possession of them, must, before it can recover against the indorser, show that the transaction did not have that effect; and the only way it could show that was by proof that the transaction was a transfer, not to the maker, but to some one else, who could hold the notes as a liability of all the parties to them.

As to the transaction, there were but two witnesses,—Travis, the maker, and Bishop, plaintiff's president. The testimony of Travis was clear and distinct, and with every appearance of probability, that plaintiff accepted from Travis the note of one Cook, indorsed by one Cheney, in satisfaction of the notes in suit, surrendering them to him, and giving to him a note payable, at his request, to Cook, for the difference between the amount of the note received and those surrendered, making the ordinary case of a discharge of a debt by acceptance of the obligation of a third person. From the testimony of Bishop it may be gathered that it was understood to be the intention of Travis to deliver the surrendered notes to Cook, as security for his accommodation by the note made by him and delivered to Travis and by the latter to plaintiff, but there is nothing in his testimony indicating that Cook was a party to the

transaction, or that it was intended or understood to be a transfer of the notes by plaintiff to him.    A finding on the testimony, though Travis' testimony be disregarded, that by that transaction they became the property of Cook, could not have been sustained.

Upon the surrender of the notes to the maker, they became, as obligations, extinct; and, although the maker might, so far as he was concerned, reissue them, he could not thereby revive the obligation of the indorser.

Order reversed.

Buok, J., absent, sick, took no part.

(Opinion published 58 N. W. 872.)