WILLIAM H. WIEBELER *vs.* MILWAUKEE MECHANICS' MUTUAL INSURANCE COMPANY.

June 14, 1883.

**Statute of Frauds—Contract to Insure.**—Evidence *held* sufficient to sustain the finding of fact. A contract to insure, the insurance to commence within a year, is not within the statute of frauds.

On November 12, 1878, plaintiff insured his house with the defendant company for three years. Before the expiration of this insurance, plaintiff requested the agent to renew his insurance, increasing the amount as stated in the opinion. Plaintiff's house was destroyed by fire on December 14, 1881. This action was brought in the district court for Scott county, to recover the amount of the insurance requested by plaintiff. On the trial, before a referee, evidence was introduced showing that when plaintiff requested the agent of defendant to make the renewal and increase of insurance, the agent agreed to do so, and, also, that, subsequently and shortly before the fire, when questioned by plaintiff, the agent stated that he had made the renewal and increase as requested, although in fact he had not done so. Defendant appeals from a judgment entered in favor of plaintiff.

*O'Brien & Wilson,* for appellant.

The complaint alleges a contract to insure for three years. The testimony shows that the entire matter was had by parol and that no memorandum of any kind was made. It is therefore within the statute of frauds. *Cowles* v. *Warner,* 22 Minn. 449; *Harris* v. *Porter,* 2 Harr. (Del.) 27; *Squire* v. *Whipple,* 1 Vt. 69; *Hinckley* v. *Southgate,* 11 Vt. 428; *Birch* v. *Earl of Liverpool,* 9 B. & C. 392; *Roberts* v. *Tucker,* 3 Exch. 632; *Boydell* v. *Drummond,* 11 East, 142.

*R. A. Irwin,* for respondent.

GILFILLAN, C. J. Action on a contract to insure. From the admissions in the pleadings and on the trial, and from the evidence, the referee was justified in finding, as he did find, that plaintiff held defendant's policy (about to expire) insuring his dwelling for three

years for the sum of $250, and that, before it expired, the agent of defendant, on its behalf, agreed orally with plaintiff to renew it, increasing the amount on the dwelling to $400, and extending it so as to cover the furniture in the amount of $250, and the barn to the amount of $100. Nothing being said to the contrary, the presumption would be that the renewal was to be for the same length of time and the same rate of premium as in the original policy, and the referee found the fact accordingly. This makes a good contract to insure for the term of three years. Defendant claims that the contract was within the statute of frauds and void. There is included in the statute "every agreement that by its terms is not to be performed within one year from the making thereof." This, of course, does not include an agreement that may, in accordance with its terms, be fully performed and ended within the year; as where the thing to be done depends on a contingency that may happen within the time. This is the case with a contract to insure, where the insurance is to commence within the year.

Judgment affirmed.