## George W. Bunce *vs.* Charles L. Pratt *et al.*

Argued Nov. 28, 1893.     Affirmed Dec. 21, 1893.

No. 8447.

**Judgment against a part of the defendants.**

Plaintiff brought an action against several persons, alleging that they were all copartners. On the trial he proved a cause of action against one of them, but not against the others. *Held,* that the judgment was properly rendered against the one. 1878 G. S. ch. 66, § 266.

Appeal by defendant, Charles L. Pratt, from a judgment of the District Court of Hennepin County, *Frederick Hooker,* J., entered February 24, 1893, against him for $457.76.

The plaintiff, George W. Bunce, brought this action against Charles L. Pratt, George R. Newell, and John Doe whose true name plaintiff alleged was unknown to him, but that all the defendants were co-

partners in the business of selling groceries and cigars. Plaintiff further alleged that he was employed by them as travelling salesman and served them as such, from September 1, 1891, to February 1, 1892, at a salary of $125 per month and travelling expenses. He demanded judgment for an unpaid balance of $490. For answer, George R. Newell, Robert B. Langdon and C. S. Langdon alleged that they were the members of the firm of George R. Newell & Co., that Charles L. Pratt was not a partner with them and they denied that they ever employed plaintiff. Pratt answered that he was never a partner with the other defendants and also made a general denial. At the trial the Court dismissed the action as to all the defendants but Pratt, and submitted the case to the jury as to him only. They returned a verdict against Pratt for $431.34 on which, judgment was entered. Defendant Pratt made a case and moved for a new trial after the judgment had been entered. The motion was denied and he appeals.

*James O. Pierce,* for appellant.

*Rea, Hubachek & Healy,* for respondent.

Buck, J. The plaintiff in his complaint alleges that George R. Newell and John Doe, whose true name was to plaintiff unknown, and C. L. Pratt, have been and were copartners in business, engaged in the sale of groceries and cigars, and that on August 20, 1891, they employed plaintiff to perform services as traveling salesman for them, for which services they promised and agreed to pay him a certain consideration.

George R. Newell, Robert B. Langdon, and C. S. Langdon, copartners as George R. Newell & Co., appeared and answered separately, as did the defendant C. L. Pratt, and denied specifically that C. L. Pratt was a copartner of the other defendants, or with any of them, and denied generally the allegations in the plaintiff's complaint. The evidence of the plaintiff tended to show that the defendants George R. Newell & Co. and the defendant C. L. Pratt were copartners, as alleged by plaintiff in his complaint, and also tended to show that C. L. Pratt had employed the plaintiff to perform the services for which he had brought this action; and, when he rested his case, each of the defendants who had answered separately moved to dismiss the action upon the ground that plaintiff had failed to show

that either of the defendants was bound by the transaction; that the facts proven were not sufficient to make out a cause of action. The court denied the motion as to all of the defendants. In this, we think, the court was right. There was sufficient evidence against all of the defendants to have submitted it to the jury. After the refusal of the court to dismiss the action, the trial was continued, and at the close of the evidence the court, upon motion of George R. Newell & Co., dismissed the case as to them, but submitted it to the jury upon the evidence as to the defendant Pratt, and the jury returned a verdict against him for the sum of $431.34, and judgment was thereupon rendered for that amount; and, the defendant Pratt having moved for a new trial, the same was overruled by the court below, and he brings this appeal.

We think that the verdict of the jury was fully justified by the evidence, and that it should not be disturbed by this court upon the weight or preponderance of evidence, nor by reason of the damages being excessive, and given under the influence of passion and prejudice. The evidence of the defendant himself strongly corroborated that of plaintiff, and we do not see how any other verdict could have been given than one against the defendant Pratt.

The legal question raised by the appellant is this: That, the plaintiff, having alleged a copartnership against the defendants, he could not, upon the dismissal of the action as to part of the defendants, proceed and recover a verdict or judgment against the other defendant, Pratt. This was a joint action against all of the defendants, and, upon his failure to prove a joint cause of action against one or. more of the defendants, then judgment could be rendered against the defendant Pratt, against whom a cause of action was proved. 1878 G. S. ch. 66, § 266; *Keigher* v. *Dowlan*, 47 Minn. 574, (50 N. W. 823.)

We do not think that there are any other errors assigned which require a determination by us, and the order denying a new trial is affirmed.

(Opinion published 57 N. W. Rep. 160.)