BARDWELL-ROBINSON Co. *vs.* THOMAS M. BROWN *et al.*

Submitted on briefs April 25, 1894.   Affirmed May 4, 1894.

No. 8680.

**Answer held sham.**

*Held*, that it clearly appears that the answer of the appellants was sham, and that it was not error in the court below to strike it out.

**Appeal for delay—Costs.**

*Held*, further, that this appeal is taken merely for delay, and for that reason three per cent. of the judgment to be entered in the court below should be allowed as additional costs, to be taxed and entered in that judgment.

Appeal by defendants, Thomas M. Brown and Charles C. Shapleigh, from an order of the District Court of Marshall County, *Frank Ives*, J., made August 10, 1893, striking out their answer as sham.

The plaintiff, Bardwell-Robinson Company, is a corporation dealing in lumber at Minneapolis.   The defendants, Thomas M. Brown and Charles C. Shapleigh are copartners and retail dealers in lumber at Stephen and at Hallock under the firm name of T. M. Brown & Co.   This firm bought lumber of plaintiff and on December 28, 1892, gave plaintiff on account their note signed with the firm name for $500 and interest due June 1, 1893.   When it fell due the note was not paid and this action was brought thereon to recover the contents.   Thomas C. Shapleigh was also made defendant with the appellants and the complaint alleged that he was a member of the firm.   The three defendants answered jointly as follows:

The defendants answering the complaint of the plaintiff herein deny each and every allegation therein contained, except that de-

fendants admit that plaintiff is a corporation and doing business as stated in the complaint in this action, and that no part has been paid by defendants of such a note as that described in the complaint in this action. Wherefore defendants ask that this action be dismissed.

Plaintiff moved the court at chambers on notice to strike out the answer as against defendants, Thomas M. Brown and Charles C. Shapleigh, and for judgment against them. It presented a number of letters some in the handwriting of one of these defendants and some in that of the other, ordering lumber, enclosing the note, and when about to fall due asking renewal of it and stating inability to pay it promptly. These letters were all written on letter paper containing a printed head stating the firm name as T. M. Brown & Co. and the names of the members as T. M. Brown of Stephen and C. C. Shapleigh of Hallock. These defendants in opposition to the motion read only the affidavit of Thomas C. Shapleigh stating that he was not a member of the firm, that Charles was his son, and Brown his son-in-law, but that he had never been interested in the firm affairs. The court struck out the answer as to these two defendants and ordered judgment against them for the amount of the note with interest and costs and $10 costs of the motion. It was permitted to stand as the answer of Thomas C. Shapleigh. As to him no relief was asked or granted. The other defendants appeal from the order.

*William Watts,* for appellants.

*Brown & Carr,* for respondent.

The practice is authorized by statute. 1878 G. S. ch. 66, §§ 265, 266. *Miles* v. *Wann,* 27 Minn. 56; *Keigher* v. *Dowlan,* 47 Minn. 574; *Stedeker* v. *Bernard,* 102 N. Y. 327.

CANTY, J. Plaintiff brought an action against the three defendants, alleging that they were partners, and that they made to plaintiff the note in suit. The defendants answered with a general denial. The plaintiff made a motion to strike out the answer as sham, and presented affidavits which furnished very strong proof that defendants Brown and Charles C. Shapleigh were partners, and made and delivered the note to plaintiff. The defendants op-

posed the motion only with affidavits that the defendant Thomas C. Shapleigh never was a partner in the firm. The court below struck out the answer as to Brown and Charles C. Shapleigh, and ordered judgment against them, and they alone appeal. They simply try to hide behind Thomas C. Shapleigh, and claim that his answer will protect them, although their answer is sham.

It is too well settled and understood in this state to require any argument or citation of statute or authority that the plaintiff may sue several as joint defendants, and recover judgment against a less number. We are of the opinion that, as to these two defendants, the answer was clearly and palpably sham.

We are of the opinion that this appeal was taken merely for delay, that the order appealed from should be affirmed, and that additional costs should be allowed, amounting to three per cent. of the judgment to be entered in the District Court, to be taxed and entered as a part of that judgment. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 872.)