WILLIAM H. SEXTON v. WILLIAM E. STEELE and Others.[1]

February 25, 1895.

No. 9094.

Undisclosed Principal.

> *Held,* that the trial court erred when, at the close of the evidence, it dismissed the case as to respondent on this appeal.

Action in the municipal court of Minneapolis to recover $204.61 for goods sold, at their special instance and request, to defendants, as partners engaged in business under the trade name of Holmes Hotel. At the close of the trial a motion to dismiss the action as to the defendant Steele, on the ground that no evidence had been offered to establish the cause of action set forth in the complaint, was granted. From an order denying a new trial, Holt, J., plaintiff appealed. Reversed.

*Rea, Hubachek & Healy,* for appellant.

*Koon, Whelan & Bennett,* for respondent.

COLLINS, J. At the close of the proofs in this case, counsel agreed that it might be dismissed as to all of the defendants, except Wait and respondent Steele. This having been done, counsel for the person last named moved that as to him it also be dismissed on the ground that a cause of action had not been shown, and the motion was granted. We are clearly of the opinion that the evidence should have been submitted to the jury. In order for plaintiff to recover against Steele, it was not necessary for him to prove the partnership alleged in the complaint, or any partnership whatsoever. If he established a cause of action against one or more of the defendants, he was entitled to a verdict. G. S. 1894, § 5412; Miles v. Wann, 27 Minn. 56, 6 N. W. 417; Keigher v. Dowlan, 47 Minn. 574, 50 N. W. 823. There was evidence from which the jury might have concluded that Wait and Steele were actually copartners in the hotel business; and there was also evidence from which the jury might have found that Steele was the real proprietor of the hotel, and Wait in his service as a manager, when plaintiff fur-

[1] Reported in 62 N. W. 392.

nished the supplies. In either case plaintiff could recover as against Steele. A statement or synopsis of the testimony on which we base our conclusion seems unnecessary.

Order reversed.