## WILLIAM H. MALLETTE, USE OF SUSAN M. THOMAS, *vs.* THE BRITISH AMERICAN ASSURANCE COMPANY OF TORONTO, CANADA.

*Fire Insurance—Oral Agreement by Agent to Renew Policy Without Full Payment of Premium—Waiver of Actual Payment of Premium—Pleading—Taking Case From Jury on Account of Legal Insufficiency of Evidence.*

When an insurance agent agrees to renew a policy of fire insurance without actual payment of the premium and gives credit therefor, the contract is valid and the payment of the premium as a condition of the attaching of the risk is waived, although the policy may provide that the insurance shall not be considered binding until payment of the premium.

Where there is an agreement of the renewal of a policy of insurance, the assured is justified in assuming that the premium, and all the terms and conditions of the renewal, will be the same as those of the original policy, unless he has notice of some proposed change.

Shortly before the expiration of a policy of fire insurance on plaintiff's property in the defendant company, the agent of defendant inquired of plaintiff if he wished to have the policy renewed. Plaintiff sent word in reply that he did, and would soon send a check for the premium. The agent replied, "all right, I will attend to it," and did not say that payment of the premium would be required before renewal. Plaintiff did pay a part of the premium, but before making payment in full the property was destroyed by fire. The original

policy contained a provision that it might "by a renewal be con-
tinued under the original stipulations in consideration of premium
for the renewed term." In an action to recover for the loss, after
proof of same had been made, *Held*,

1st. That the evidence was legally sufficient to show an agreement by
defendant's agent to renew the policy upon the same terms and
conditions.

2nd. That the agent had power to waive the actual payment of the
full premium as a pre-requisite to the renewal, and did waive the
same, and the plaintiff is entitled to recover.

In an action on an oral agreement to renew a policy of fire insurance,
a count in the declaration set forth the execution of the written policy
for one year from June 21st, 1897, and a verbal agreement, made
shortly before the expiration of the policy, in consideration of a cer-
tain sum, to renew the policy for the same amount, and upon the
same identical terms, agreements, covenants and stipulations as were
contained in said policy for the further term of one year from June
21st, 1898, and alleged that the plaintiff then paid a part of said re-
newal premium and promised to pay the remainder in a few days,
which payment and promise were accepted by the defendant as sat-
isfactory. The count then averred the loss sustained, and demand
for, and refusal of payment. *Held*, that a demurrer to this count
was properly sustained, because it fails to set forth with sufficient
fullness the terms and stipulations contained in the former policy
and which were to be inserted in a renewal of the same.

An instruction withdrawing a case from the jury, upon the ground that
there is not legally sufficient evidence to entitle the plaintiff to re-
cover, will not be granted unless the Court assumes the truth of all
the evidence offered by the plaintiff, though contradicted in every
particular by the evidence of the defendant, and then finds that the
plaintiff's evidence is insufficient to establish his case.

Appeal from the Circuit Court for Washington County
(STAKE and SLOAN, JJ.) At the trial the plaintiff's prayer,
which was rejected, instructed the jury that if they find
that the defendant is a corporation with power to insure,
&c., and that plaintiff was the owner of a lot * * "and
a building, &c., in Oakland, Garrett County, Md., * *
and that on the 21st day of June, 1897, in consideration of a
premium of $33.75, the defendant executed and delivered
policy offered in evidence insuring said property from loss by
fire for the year ending June 21st, 1898, at noon, and that if
the jury further find that some weeks prior to the expira-

tion of said policy F. A. Thayer, agent of said defendant, if the jury so find, caused a notice to be sent to the plaintiff Mallette, that said policy would expire at noon on the 21st day of June, 1898, and asking him whether he wanted said policy renewed, and if the jury find that at the time said notice was sent, said Mallette was in Pittsburg, and that said notice was delivered to Mallette's wife, and that she sent it to Pittsburg by letter with a request to her husband to give her instructions, and that, therefore, said Mallette instructed Mrs. Mallette to see Mr. Thayer and have said policy renewed, and if the jury further find that Mrs Mallette, a few days before said policy expired, went to Mr. Thayer's office and saw him there and told him that her husband, in response to his question about the renewal, desired her to ask Mr. Thayer to renew said policy and told him that her husband would send him a check for the premium in a short time, and Mr. Thayer replied to her, ' all right, all right, Mrs. Mallette, I will attend to it,' and thereupon Mrs. Mallette reported said conversation to the plaintiff, Mallette, and if the jury further find that on the 25th day of June, 1898, the said Mallette sent a check (offered in evidence) for $20.00, payable to the order of said Thayer, and marked ' $\%_c$ insurance,' and with said check sent a letter addressed to said Thayer (offered in evidence), stating that he enclosed a check for twenty dollars to be credited to insurance, and that he would send more soon, and that said Thayer, on the 27th day of June, 1898, received said letter and check and collected the money therefor, and if the jury find that said Thayer accepted said money for said purpose, then the above recited proceedings constitute a renewal of the policy offered in evidence and continued the same in force for another year from the 21st day of June, 1898, to the 21st day of June, 1899, at noon, upon the terms and conditions as those contained in said written policy, and if the jury further find that on the 12th of July, 1898, while the plaintiff was still the owner of said lots and buildings, and through no fault or neglect of the plaintiff,

the said buildings were totally destroyed by fire, and that the said buildings were worth more than $3,000, and that the loss by fire was more than $3,000, and that on the 27th day of August, 1898, the plaintiff furnished the defendant full proof of his said loss and of the destruction by fire of said building, and of his interest in the same, and that thereupon the defendant refused to pay the same, or any part thereof, and so continues to refuse, then their verdict must be for the plaintiff for the amount of said policy, and the jury may allow interest after sixty days from the time the plaintiff furnished proof of loss to the defendant."

The cause was argued before FOWLER, BRISCOE, PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*Ferdinand Williams* and *Albert A. Doub* (with whom was *Daniel W. Doub* on the brief), for the appellants.

Contracts of insurance are not required by any statute to be in writing, and if made by parol, they are valid upon general principles of law. The common law, with certain exceptions, with reference to age, mental condition, etc., concedes to every person the capacity of entering into contracts, and except where the statute of frauds or positive enactment forbids, an oral contract is sufficient. The nature of insurance is not such as to require written evidence of the contract. There is nothing in the Statute of Frauds requiring such contracts to be in writing. The Supreme Court of the United States in *Commercial and Mutual Marine Insurance Company* v. *Union Mutual Insurance Company*, 19 Howard 318 ; has decided that an agreement to make and deliver a policy of insurance need not be in writing, and holds that a parol promise to pay the premium is a sufficient consideration for the parol promise to make a policy. The Court said, "Nor do we deem it essential to the existence of a binding contract to make insurance that a premium note should have been actually signed and delivered. The promise of the plaintiff to give a note for the premium was

a sufficient consideration for the promise to make a policy. ''
In *Tayloe* v. *The Merchants Fire Insurance Company of Bal-
timore*, 9 Howard 404 ; it is held that the company is bound
when the contract to make insurance is completed and
before the issuing of the policy. The Court further decides
that the insured has two remedies in such cases, either to
resort to a Court of Equity to compel a delivery of the policy,
or after the happening of the loss to frame a count upon the
agreement to insure, so as to maintain an action at law. In
the *Trustees of the First Baptist Church* v. *The Brooklyn In-
surance Company*, 19 N. Y. 305, which is a leading case
upon this subject, it is held that an agreement to issue a fire
policy and renew the same from year to year, is not within
the Statute of Frauds and can be made by parol ; that the
contract of insurance is not required to be in writing by the
general principles of law, or any statute in that State ; that
the provisions in the charter of an insurance corporation, that
contracts of insurance shall be valid and binding upon cer-
tain conditions, does not limit its general power, but is merely
a specification of the mode in which it may be bound by its
agent without subtracting from its power to contract other-
wise ; that a provision in a policy already executed, that no
insurance, whether continued or original, shall be binding
until the actual payment of the premium, and the written
acknowledgment thereof, does not invalidate a subsequent
verbal contract of renewal,

The case of *Post et al.* v. *Aetna Insurance Company*, 43
Barb. 352, carefully considers almost every point involved
in this case. See also *Alexander* v. *Continental Ins. Co.*,
67 Wis. 427.

The decided weight of all modern authority is that agents
may waive any of the written and printed conditions of the
policy and bind the company by such waiver, and that their
representations or statements made, or promise assurance,
or verbal consent given to the insured, will, if confided in
and relied upon by the insured, amount to such waiver, and
estop the company from taking advantage of the condition

waived. *Miner* v. *Phœnix Ins. Co.*, 27 Wis. 698. It is difficult to conceive of an act in the prosecution of the business of insurance which the officers of the company can do that cannot be done by the agent. *Schoner* v. *Kekla Fire Ins. Co.*, 30 Wis. 580; *Viele* v. *Germania Ins. Co.*, 26 Iowa, 9; *Sheldon* v. *Aetna Ins. Co.*, 50 Wis. 580; *American Fire Ins. Co.* v. *Brooks*, 85 Md. 32; *Hartford Ins. Co.* v. *Keating*, 86 Md. 130. The acceptance of part of the premium is a waiver of the non-payment of the full premium. *Mutual Fire Ins. Co.* v. *Eicholtz*, 88 Md. 92. The authority of the agent need not be given in writing, in spite of the clause in the policy that it must be so, and payment to the agent is payment to the company. *American Fire Ins. Co.* v. *Brooks*, 83 Md. 32; *Emery* v. *Boston Marine Ins. Co.*, 138 Mass. 398; *Newark Machine Co.* v. *Kenton Ins. Co.*, 50 Ohio St. 549.

*Thomas J. Peddicord*, for the appellee.

The defendant interposed a demurrer to each count in the declaration, which demurrer was by the Court overruled. The objection raised to the first count by the demurrer is that it is a mere verbal agreement to insure, upon which agreement no policy was ever issued, and could not therefore be enforced in an action at law. *Phœnix Insurance Company* v. *Ryland*, 69 Md. 437. It is alleged that the plaintiff paid a part of the premium and agreed to pay the remainder in a few days, but there is no allegation that he did pay or tendered payment within a few days or at any time. The agreement on the part of the defendant to pay the loss, is conditioned upon the payment of the balance of premium in a few days. This is a condition precedent and performance must be averred, or facts stated which will excuse it. Everything which the insured has contracted to do must be averred as having been performed, or the declaration will be held bad on demurrer. *Ostrander on Ins.*, 786.

A contract of insurance need not be in writing, but it

must be definite in its terms, both as to term and rate of premium before it can be enforced. *May on Ins.*, sec. 29; *Strohn* v. *Insurance Co.*, 37 Wis. 625. Here there was a contract to pay a part of the premium down and the balance in a few days. This was not definite as to term and rate of premium. The second count sets up a written policy, covering the property from June 21st, 1897, to June 21st, 1898, and a verbal agreement renewing this policy from June 21st, 1898, to June 21st, 1899, on the same terms and conditions as those contained in said written policy.

The renewal is a new and distinct contract. *Hartford Fire Ins. Co.* v. *Walsh*, 54 Ill. 164; *Brady* v. *Ins. Co.*, 11 Mich. 425. The terms of the contract are set out. Reference is made to a written contract, the terms of which are left to speculation. It is impossible from an examination of the second count to determine what the terms of the written policy were. The declaration must alone be looked to for a statement of the facts constituting a cause of action, and if it is found deficient in this respect it will be held bad on demurrer. *Indiana Ins. Co.* v. *Hartwell*, 100 Ind. 566; *Larimore* v. *Wells*, 29 Ohio St. 13; *Watkins* v. *Brunt*, 53 Ind. 208; *Bowling* v. *McFarland*, 38 Mo. 465. The entire contract must be set out. *Ostrander on Fire Ins.*, pages 784 and 785.

Nothing was said about the terms of renewal nor about the amount of the premium. Nothing was said as to what policies Mallette wished to have renewed or the terms of renewal, nor did either party at the time the conversation took place know in what companies Mallette was insured. This does not constitute a contract of insurance. *Wallingford* v. *Insurance Co.*, 30 Mo. 46; *Hambleton's case*, 6 Bissell, 91; *Insurance Company* v. *Young's Adm'r*, 23 Wall, 85; 5 *Ins. Law Journal*, 17; *Baldwin* v. *Middleberger*, 2 Hall (N. Y.) 176; *Coles* v. *Brown*, 10 Paige (N. Y.) 526; *Strohn* v. *Harford Ins. Co.*, 37 Wis. 625; *May on Ins.*, par. 45 and 50.

There is no proof that the premium was paid or that payment was waived. The declaration alleges that the renewal was to be upon the same terms and conditions as those contained in the written policy. The written policy provides that it may be renewed by issuing a new policy and the payment of $33.75. The essential elements of a contract must be definitely determined before either party will be bound, and especially is this true in regard to the time when the policy shall become operative, the term for which it shall continue, the amount of premium to be paid, and either its payment or a definite understanding as to credit. There can be no obligation on the part of the insurer that does not rest on a consideration.

Every duty which the insurer may come to owe the insured is created by the contractual relations into which it is brought and the basis of this is the premium either paid or promised. If, therefore, this matter of prime importance has been neglected in negotiating the terms of insurance no completed contract has been made and no obligation will rest upon the insurer to pay a loss. *Ziegler* v. *Ins. Co.*, 82 Iowa, 569; *O'Reilly* v. *Assurance Corp.*, 101 N. Y. 575; *Bradley* v. *Ins. Co.*, 32 Md. 108; *Wood* v. *Ins. Co.*, 32 N. Y. 619; *Tarleton* v. *Stamford*, 5 Term Reports, 695.

A payment of part of a premium due will not prevent a forfeiture. *Wilcutts* v. *Northwestern Mut. Ins. Co.*, 81 Ind. 300. When the policy fixes the time for payment of the premium, the non-payment of the premium at that time forfeits all right under the policy. *Klein* v. *Ins. Co.*, 104 U. S. 88. After a policy has been forfeited it cannot be renewed or revived, except by an express agreement of the insurers. *Diehl* v. *Ins. Co.*, 58 Pa. St. 443.

There is no proof that the agent had any authority to renew the policy except upon payment of the premium. Unless he had authority to renew on credit his contract, if he made one, would not bind the company unless the company had accepted the arrangement made by the agent. Mallette was bound at his peril to ascertain the nature and

extent of the agent's authority. *DeGrove* v. *Ins. Co.*, 61 N. Y. 594; *Hartford Fire Ins. Co.* v. *Reynolds*, 36 Mich. 502. The declaration alleges that the contract made by the agent to renew the insurance on credit was accepted by the company. There is not a word of evidence tending to show such acceptance; on the contrary, the proof is indisputable that the company did not accept the arrangement —that it knew nothing about the alleged renewal, and that the agent had no authority to make the insurance on credit.

PEARCE, J., delivered the opinion of the Court.

This is an action brought by Wm. H. Mallette for the use of Susan M. Thomas, as mortgagee, to recover from the appellee $1,150 for the loss of property destroyed by fire. There are three counts in the declaration, the first being upon a verbal agreement to insure certain buildings in Oakland, Maryland, for the use of Susan M. Thomas, for an amount not exceeding $1,150, for one year from June 21st, 1898, in consideration of a premium of $33.75, part of which was then paid, and the residue of which it was agreed should be paid in a few days thereafter; no reference being made in this Court to any other terms or conditions of the agreement than those above mentioned.

The second count set forth the execution of a written policy of insurance on the same buildings, in favor of the plaintiff for the use of Susan M. Thomas, for one year from June 21st, 1897, to the amount of $1,150 in consideration of a premium of $33.75 then paid, and a verbal agreement, made shortly before the expiration of said policy on June 21st, 1898, in consideration of the further sum of $33.75 to renew said policy for the same amount, and upon " the same identical terms, agreements, covenants and stipulations as were contained in said policy, for the further term of one year from June 21st, 1898," and alleged that the plaintiff then paid a part of said renewal premium and promised to pay the remainder in a few days, which payment and promise was accepted by the defendant as satis-

factory.   Both counts averred in due form the loss sus-
tained, and demand for, and refusal of, payment.   To both
these counts the defendant demurred, and the Circuit Court
for Garrett County overruled the demurrer as to the first
count, but sustained it as to the second count.

Under leave of Court a third count was then filed, set-
ting forth the execution of the same policy for one year
from June 21st, 1897, as was set forth in the second count,
and in the same language, and then alleged that shortly
before June 21st, 1898, when said policy was about to ex-
pire, the defendant, in consideration of the further sum of
$33.75, renewed said policy for another year from June 21st,
1898, " on the same terms and conditions as those con-
tained in said written policy, which said renewal was made
by verbal agreement between the plaintiff and defendant,
and plaintiff paid thereon part of the premium and prom-
ised to pay the balance, which payment and promise was
accepted by the defendant as the consideration for said re-
newal."   The loss, demand for, and refusal of payment
was duly set forth.   Defendant demurred to this count also,
and the demurrer was overruled.   The general issue pleas
were then filed, as also pleas specifically denying that the
defendant either renewed, or agreed to renew, said policy
for any period after June 21st, 1898.   The case was then
removed to Washington County, where a trial by jury was
had, and at the close of the testimony on both sides the
plaintiff offered one prayer, framed upon the theory of the
third count which had been sustained on demurrer, and ask-
ing the Court to instruct the jury that the facts recited
therein, if found by it, constituted a renewal of the policy
offered in evidence;  and the defendant offered a prayer that
there was no evidence legally sufficient to entitle the plain-
tiff to recover under the pleadings in the case.   The Court
rejected the plaintiff's prayer and granted the defendant's
prayer, to which action of the Court the plaintiff excepted
and has brought this appeal.

We will consider first the ruling upon the demurrer to

the second count, which may be very briefly disposed of. We are of opinion that this count is defective, if for no other reason, because it fails to set forth with sufficient fullness and clearness the terms, agreements, covenants and stipulations contained in the former policy and which were to be inserted in the renewal of the policy.

We come next to the ruling of the Court upon the defendant's prayer by which the jury were instructed that there was no evidence legally sufficient to entitle the plaintiff to recover under the pleadings in the cause. It is always competent by reference to the pleadings to ask for the judgment of the Court upon their legal sufficiency and effect with respect to the evidence offered, but before a prayer can be granted withdrawing a case from the jury, the Court must assume the truth of all the evidence before the jury tending to sustain the claim or defense, as the case may be, and of all inferences of fact fairly deducible from it; and this, though such evidence be contradicted in every particular by the opposing evidence in the cause. *Balto. City Passenger R. W. Co.* v. *Wilkinson*, 30 Md. 230; *Jones* v. *Jones*, 45 Md. 154.

It was argued as to the first count that no evidence whatever was offered to sustain it, because, as we understand the argument made, the contract there set out was a contract for original insurance, not for renewal of an existing policy, while the evidence offered all shows a previous insurance, and shows, or tends to show, an agreement for renewal. But it is wholly immaterial whether the agreement was for original insurance or for renewal, because in either aspect the contract is a contract to insure. As to the second count, which alleges *an agreement to renew* the existing policy, and as to the third count, which alleges an actual renewal, it is contended there was no contract whatever shown to have been made between the parties, because there was no evidence to show that this particular policy was agreed to be renewed, or was renewed, or what the terms and conditions of renewal were. But the testimony

of Mrs. Mallette is clear that Mr. Thayer, the defendant's agent, wrote to inquire whether her husband wished to have renewed the two policies expiring June 21st, 1898, and that she told him her husband directed her to reply that he wished these two policies renewed, and would send him a check for the premium soon, and that he replied "all right, Mrs. Mallette, all right, I will attend to it." Mr. Thayer, on cross-examination admitted he knew she referred to these two policies, and that he did not tell her he did not intend to renew them, without payment of the premiums. We cannot doubt, therefore, that the policy now under consideration, which was one of the two maturing June 21st, 1898, was included in the renewal offered by Thayer, and accepted by Mallette. As to the objection that nothing was said as to the terms and conditions of renewal, we hold that where there is an agreement for a renewal of a policy, the insured is justified in assuming that the premium, and all the terms and conditions of the renewal will be the same as those of the original, unless he has notice of some proposed change. This would hardly seem to need authority, but if desired it will be found in *Hartford Ins. Co.* v. *Walsh*, 54 Ill. 164, where it was held that, "unless otherwise expressed, a renewal of an insurance policy is on the same terms and conditions as were originally contained in the policy." Moreover, in the present case, the very terms of the policy so provide, as appears from the following clause: "This policy may, by a renewal, be continued *under the original stipulations* in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal, or this policy shall be void."

We therefore think there was no uncertainty as to the policy to be renewed, or as to any of the terms and conditions of renewal, and there being abundant evidence tending to show an agreement for the renewal of the policy in question, it was error to withdraw the case from the jury as was done in granting defendant's prayer.

The plaintiff's prayer, which was rejected, sets out at length, and in detail, all the facts attending the alleged agreement for a renewal of the policy.   It was strenuously argued by the appellee that the policy could not be renewed without actual  payment of the full  premium and that the agent could not waive this requirement, and for this contention reliance was placed upon the case of *Bradley* v. *The Potomac  Fire  Ins.  Co.*, 32 Md. 108; but the policy here does not provide, as it did there, that the company should not become liable until the premium in full therefor was actually paid, and that if not paid within fifteen days the policy should be null and void.   In deciding that case JUDGE ALVEY said :  " The cases cited and mainly relied on by the appellant have no application to this case.   They were instances in which the insurers were held to have waived the right to receive the premium as a condition upon which the risk was to attach, upon the ground that the assured would have been otherwise misled and deceived."

Among the cases thus referred to were :    *Tayloe* v. *Merchants Ins. Co.*, 9 Howard, 390; *Comm. Ins. Co.* v. *Union Ins. Co.*, 19 Howard, 318; *Baptist Church* v. *Brooklyn Ins. Co.*, 19 N. Y. 305; *Post* v. *Aetna Ins. Co.*, 43 Barb. 351, and others ; and the implication is strong that these cases were approved by this Court in 32 Md.   The present case comes directly within the reason of these, as upon the undisputed testimony the plaintiff was misled and deceived by the conduct of the defendant's agent.   It is well settled that credit may be given for the premium notwithstanding the policy may provide that the insurance shall not be considered binding until actual payment, and that if credit be given by such an agent as Thayer, it will not affect the validity of the contract.   *Emery* v. *Boston  Ins.  Co.*, 138 Mass. 413; *Angell* v. *Hartford Fire Ins. Co.*, 59 N. Y. 171; *Franklin Fire Ins. Co.* v. *Colt*, 20 Wall, 560; (the latter case being cited on this point with approval in *Phœnix Ins. Co.* v. *Ryland*, 69 Md. 447;) *Alexander* v. *Continental Ins. Co.*, 67 Wis. 427.

In the last case a premium note was payable in annual instalments, and the policy provided that the liability of the company should cease upon failure to pay any instalment. The agent agreed to give notice to the insured fifteen days before any instalment became due, but failed to do so ; and before the policy expired, and while instalments were overdue and unpaid, a loss occurred, and it was held that the condition as to the termination of liability had been waived, and that the insured did not forfeit her rights under the policy by neglecting to pay the instalments as they fell due. The Court said : " This rule is absolutely necessary for the protection of the insured. The insured deals with no one but the agent. The company cannot deal with its patrons in any other way. Justice and law therefore require that the company shall be held to sanction what the agent agrees to and upon which the insured relies. To allow the company to enforce a condition or forfeiture of the policy for a neglect to do that which the agent informs the assured shall not avoid the policy, would work the greatest injustice."

See also *Newark Machine Co.* v. *Kenton Ins. Co.*, 50 Ohio St. 549, reported in 22 *L. R. A.* 768, and 11 *Amer. and Eng. Ency. of Law*, p. 333, for a collection of the cases showing the agent's authority to waive payment of premiums. In *Hartford Fire Ins. Co.* v. *Keating*, 86 Md. 131, it was held that a clause in a policy providing that no agent shall have power to waive any of its conditions except such as by its terms may be endorsed thereon, does not apply to conditions relating to the inception of the contract, but operates to prevent agents from modifying the terms of the policy after it has been issued ; and in *Mutual Fire Ins. Co.* v. *Eicholtz*, 88 Md. 92, the acceptance of part of the premium was held a waiver of non-payment of the residue. Here the proof is that on June 25th, Mallette sent Thayer a check on account of insurance for $20, with a promise to send more in a few days ; that Thayer accepted the check and collected the money and that at that time only $10 was

due for premiums on policies other than that here in ques-
tion, thus leaving in Thayer's hands for insurance premiums
$10, applicable to this policy as the only one then not paid
up, and the plaintiff's prayer carefully and properly left to
the jury to determine whether Thayer accepted the check
for that purpose. The prayer was claimed to be defective
on the ground that the waiver of payment of the premium
in full by the agent could not bind the company, but we
have seen the decided weight of authority is to the contrary.
We think the plaintiff's prayer properly submitted the whole
law of the case, and in a more favorable light to the defen-
dant than it could demand, since under the decisions referred
to the acceptance of a promise to pay the premium, with-
out actual payment of any part, would be a sufficient con-
sideration to support the contract.

For the reasons given, the judgment will be reversed and
the cause be remanded for a new trial

> *Judgment reversed and cause remanded
> with costs to the appellant above and
> below.*

(Decided June 15th, 1900.)