THEODORE HOLLISTER v. UNITED STATES FIDELITY &
GUARANTY COMPANY OF BALTIMORE.[1]

November 1, 1901.

Nos. 12,674—(36).

**Complaint—Demurrer.**

The complaint in this action construed, and *held* to state facts sufficient
to constitute a cause of action.

**Joint Obligation—Bond upon Removal of Cause.**

Laws 1897, c. 303, providing that parties to a joint obligation shall be
jointly and severally liable thereon, construed, and *held* to cover and
include the liability on a bond given on the removal of a cause from the
circuit court of the United States to the circuit court of appeals. The
legislature did not intend by that act to limit the application of the
statute to promissory notes, bills of exchange, copartnership debts, and
like contracts, but, instead, to include all contracts of every nature and
description on which there is a joint liability.

Appeal by defendant from an order of the district court for St.
Louis county, Cant, J., overruling a demurrer to the complaint.
Affirmed.

*Towne & Merchant* and *Sanborn, Luse & Powell*, for appellant.

*Davis, Hollister & Hicks* and *H. J. Grannis*, for respondent.

BROWN, J.

This was an action to recover upon a bond executed by defend-
ant as surety. Defendant demurred to the complaint on the
grounds (1) that it failed to state facts sufficient to constitute a
cause of action; and (2) that it appears on the face thereof that
there is a defect of parties defendant. The demurrer was over-
ruled by the court below, and defendant appealed.

It is alleged in the complaint that on May 12, 1898, judgment
was rendered in the circuit court of the United States for the
district of Minnesota in an action pending therein between one
Doyle, as plaintiff, and W. E. McCord and McCord Lumber Com-
pany, defendants, for the sum of $14,066 and costs of the action;

[1] Reported in 87 N. W. 776.

that defendants therein removed the cause to the circuit court of appeals of the United States by writ of error, executing and filing with that court the bond on which this action is founded, which defendant in this action signed as surety. It is further alleged that the judgment of the circuit court was affirmed by the court of appeals, and the mandate therefrom filed with the clerk of the circuit court, whereupon execution was issued upon the judgment and returned wholly unsatisfied. The complaint also alleges the assignment of the judgment to plaintiff in this action.

A number of objections are urged against the complaint, but none of them are of sufficient merit to call for extended notice.

The first objection is that the complaint is insufficient because it does not contain an allegation that the United States circuit court had jurisdiction of the action. The action was pending in that court, and judgment was entered therein, for the payment of which, in the event of its affirmance by the court of appeals, the bond in question was executed. While it is true that the United States courts are in certain respects of limited jurisdiction, such courts possess the same general authority that belongs to courts of record at common law; and their judgments and proceedings are entitled to the same presumptions and intendments in their support, cannot be collaterally attacked, and defendant in this action is in no position to raise a question of jurisdiction. Defendant appeared in the action in that court, recognized its jurisdiction and authority, executed the bond sued on to facilitate a review of the judgment rendered therein, and the jurisdiction of the court must, as to it, at least, be conclusively presumed.

It is also claimed that the complaint is defective because it contains no allegation that the defendant, a corporation, was organized and created as such under the laws of this or of some other state. It alleges that defendant is a corporation, but does not allege in what state it was incorporated. Such an allegation is wholly unnecessary. Holden v. Great Western Ele. Co., 69 Minn. 527, 72 N. W. 805; In that case defendant was described in the title of the action as a corporation, but the body of the complaint contained no allegation that it was in fact a corporation. Defend-

ant appeared, just as defendant appears in the case at bar, demurred to the complaint, and the court held that the allegation of incorporation was wholly unnecessary, it not appearing that the fact of incorporation was an essential element in the cause of action set out.·

The other points urged in support of the· objection that the complaint fails to state facts sufficient to constitute a cause of action require no mention. They are without merit, and we pass . to the only question which seems at all important.

It is urged that there is a defect of parties defendant, because the principals on the bond are not made parties to the action. The objection would seem to be completely disposed of by the provisions of Laws 1897, c. 303. This statute provides:

"First. Parties to a joint obligation shall be jointly and severally liable thereon for the full amount thereof."

"Second. A joint obligation within the meaning of this act shall be construed to include all promissory notes, bills of exchange, copartnership debts and all contracts upon which parties are liable jointly."

"Third. A joint or separate or several action may be brought against any one or more or all of the parties liable upon such joint obligation, and a joint or several judgment may be entered against any one or more or all of the parties liable upon such joint obligation: provided, however, the court may, upon application by any interested party, or upon its own motion, require the plaintiff to bring in as parties defendant all of the parties jointly liable on any such obligation."

The contention of appellant's counsel in this connection is that the intention of the legislature in enacting this statute was to limit its application to contracts of the particular character there specified, namely, promissory notes, bills of exchange, copartnership debts, and that the latter clause of the second subdivision should be read, "and all contracts of a like character." We are unable to concur in this position. The first subdivision of the statute is broad and comprehensive, and was, no doubt, intended to include joint contracts of every description on which there is a joint liability; and, that there might be no mistake or misconstruction of the law, the second subdivision was inserted for

the purpose of making it more definite, and not for the purpose of excluding any particular obligations. The rule ejusdem generis is therefore not applicable. Parties jointly liable on any obligation or contract may, under the statute, be separately or jointly sued, at the election of the plaintiff.

We have examined all the assignments of error and all the points made by appellant, and find no reason for disturbing the order appealed from.

Order affirmed.