WILLIAM MORGAN v. THOMAS BRACH.[1]

May 15, 1908.

Nos. 15,544—(50).

**Joint Contract—Liability.**

Under section 4282, R. L. 1905, all parties to a joint contract are jointly and severally liable, and may be sued jointly or severally at the election of the plaintiff.

**Action against One Contractor—Variance.**

Where an action is brought against one of the parties so liable, and the complaint alleges a contract made by him, and the evidence on the trial shows a joint contract with defendant and other persons, there is, in the absence of a showing that defendant was misled to his prejudice, no fatal variance between the allegations and the proof.

**Verdict Sustained by Evidence.**

Evidence *held* sufficient to justify the verdict.

Action in the district court for Carver county to recover $51.75 alleged to be due for the construction of a ditch. The case was tried before Morrison, J., and a jury which returned a verdict in favor of plaintiff for $40. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. F. Odell,* for appellant.

*John J. Fahey,* for respondent.

BROWN, J.

Action to recover the amount alleged to be due plaintiff for the construction of a ditch for drainage purposes upon the farm of the defendant. Plaintiff had a verdict, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

The sole question presented by the assignments of error is whether plaintiff's evidence made out a cause of action within the allegations of the complaint.

[1] Reported in 116 N. W. 490.

The complaint alleges that plaintiff constructed the ditch in question at the special instance and request of defendant, and that defendant agreed to pay therefor fifty cents per rod. The answer is a general denial, with an admission that a ditch eighty rods in length was constructed upon defendant's premises, which he avers was of no value whatever. The evidence presented in the record is sufficient to justify the verdict of the jury to the effect that a ditch the length stated was constructed by plaintiff upon the premises of defendant at his request, and for which he agreed to pay the amount claimed in the complaint. A witness called by plaintiff testified to these facts, and they were not denied by defendant. He was called as a witness for cross-examination by plaintiff, admitted the construction of the ditch, and testified that he was present at the time, but did not know who did the work. He was not called as a witness on his own behalf. It cropped out during the cross-examination of plaintiff's witness, by whom the contract was shown, that several persons, neighbors of defendant, were interested in a continuous ditch over the premises of each; and it is contended by defendant that, if any contract to construct the same or any part of it was shown at all, it was between plaintiff and all these interested persons, and not with defendant alone, and therefore not the contract alleged in the complaint. We find the evidence not conclusively to support defendant's contention. Though the evidence is not so clear as it might perhaps have been made, it presented a fair question for the jury whether the contract was between plaintiff and each of the persons interested in the ditch, each to pay in proportion as the ditch extended over his premises, or between plaintiff and all such persons jointly. The question was submitted to the jury under fair instructions, and we discover no reason for disapproving their conclusion.

But, if defendant's contention be conceded, it is by no means clear that there was either a failure of proof or fatal variance between the allegations of the complaint and the proof. Under our statutes (section 4282, R. L. 1905), all parties to a joint contract are jointly and severally liable, and may be sued jointly or severally at the election of the plaintiff. Hollister v. U. S. Fidelity & Guaranty Co., 84 Minn. 251, 87 N. W. 776. In those states having statutes like the one cited, it is generally held that there is no fatal variance where it is alleged

that the contract was made with one and the proof shows that it was made with more than one (Hicks v. Branton, 21 Ark. 186; Hapgood v. Watson, 65 Me. 510; Scott v. Shears, 63 Mass. 504), though the rule might be otherwise in the absence of a statute making all parties to the contract jointly and severally liable (22 Enc. Pl. & Pr. 586). The record furnishes no suggestion that defendant was in any way misled or prejudiced, and, if a variance be conceded, it is not fatal. Had this action been brought against defendant to recover the contract price for the whole ditch, on the theory that there was a joint contract, we should have little difficulty in holding that the evidence wholly failed to show a contract on his part jointly with the other persons mentioned.

As to the suggestion that the evidence does not show that defendant agreed to pay the amount claimed, viz., fifty cents per rod, it is sufficient to say that defendant nowhere disputed the testimony of plaintiff's witness that the compensation was expressly so agreed upon.

Order affirmed.