W. E. STEWART v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

May 27, 1927.

No. 25,937.

**Contract to insure and breach of it sustained by evidence.**
    1. Evidence held sufficient to sustain a finding of a contract to insure and a breach of it.

**Objection at close of trial came too late.**
    2. The trial was upon the theory that there was a breach of contract to insure and not upon the theory that there was a present contract of insurance.

Fire Insurance, 26 C. J. p. 51 n. 76.
Pleading, 31 Cyc. p. 720 n. 79; p. 729 n. 54.

[1]Reported in 214 N. W. 58.

Defendant appealed from an order of the district court for Nicollet county, Enersen, J., denying its alternative motion for judgment or a new trial. Affirmed.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Henry N. Benson,* for appellant.

*C. J. Laurisch,* for respondent.

DIBELL, J.

Action to recover for the breach of a contract to insure the plaintiff's property. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. On October 17, 1924, the plaintiff's barn in North Mankato was damaged by fire. On August 17, 1921, the defendant, through its agent Theodore Williams, delivered to the plaintiff a policy expiring August 17, 1924, covering this property. The company had carried a policy on the property prior to that time. The plaintiff claims that in the first few days of August, 1924, he had a conversation with Williams relative to this insurance; that at that time he told him that because of his becoming interested in a bank, an officer of which was writing insurance, he, Williams, could not have his insurance longer, except the insurance on the barn; and that at that time it was agreed that the policy on the barn should be renewed when it expired and that Williams would take care of it. The testimony of Williams is that no such conversation took place at this time. He says there was a conversation in the fall of 1923 when the plaintiff told him that he could not have his insurance longer for substantially the reasons before stated. There are circumstances quite strongly corroborating the testimony of Mr. Williams, but the question was one of fact for the jury.

The case comes fairly enough within Eifert v. Hartford Fire Ins. Co. 148 Minn. 17, 180 N. W. 996. There is some claim that the agreement was not sufficiently definite. Williams represented some 20 companies. The jury could find that there was a talk something like two weeks before the expiration of the policy about continuing the insurance in the same company, "a renewal of the same policy."

As was said in Ames-Brooks Co. v. Aetna Ins. Co. 83 Minn. 346, 86 N. W. 344, "a proper administration of justice will not permit us to be oversubtle, but we must interpret the contract from the standpoint of the practical business men who made it, * * * and the established course of business between them." The evidence sustains the jury's finding that there was a contract by the defendant to renew the policy and a breach of it.

2. The defendant claims that the case was tried upon the theory of a contract of present insurance. The plaintiff does not allege a contract of present insurance. It is true, too, that there is no allegation of the breach of a contract to furnish insurance. For this reason the complaint did not state a cause of action. No objection was made until the close of the case. An amendment could then have been made, would doubtless have been granted if asked, and the absence of it should be overlooked now. While some uncertainty of theory appeared at times in the trial it may be said fairly that the case was tried on the theory of a breach of contract to insure. That was the definite theory upon which it was put to the jury.

Order affirmed.