# ROBERT SCHMIDT v. AGRICULTURAL INSURANCE COMPANY AND ANOTHER.[1]

January 26, 1934.

No. 29,767.

[1]Reported in 252 N. W. 671.

586

Boutelle, Bowen & Flanagan and H. W. Rogers, for appellant.
Dell & Dell and Chester G. Rosengren, for respondent.

DIBELL, Justice.

Action by the plaintiff to recover of the defendants, Agricultural Insurance Company and the National Ben Franklin Fire Insurance Company, upon an agreement to renew a policy of insurance upon a commercial auto truck. At the close of the testimony the action

was dismissed by the court as against the National Ben Franklin company. The jury found a verdict for $1,639 against the Agricultural Insurance Company. It appeals from the order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

■ The complaint alleges that in the latter part of February, 1930, the two defendants agreed to insure the plaintiff's truck against collision for a year from March 6, 1930, when a policy then on the truck expired. As the evidence develops the plaintiff's claim is that the defendant appealing agreed to renew a policy of insurance dated March 6, 1929, and expiring March 6, 1930, with coverage as provided in it. On August 25, 1930, the truck was damaged in a collision with a train at a railroad crossing.

The contract claimed by the plaintiff was oral. An oral contract of present insurance is valid in this state, and it was valid at common law. Koivisto v. Bankers & M. F. Ins. Co. 148 Minn. 255, 181 N. W. 580; Quinn-Shepherdson Co. v. U. S. F. & G. Co. 142 Minn. 428, 172 N. W. 693; Ganser v. Fireman's Fund Ins. Co. 38 Minn. 74, 35 N. W. 584; Salisbury v. Hekla F. Ins. Co. 32 Minn. 458, 21 N. W. 552. An oral contract to give insurance effective in the future is valid. Stewart v. St. Paul F. & M. Ins. Co. 171 Minn. 363, 214 N. W. 58; Eifert v. Hartford F. Ins. Co. 148 Minn. 17, 180 N. W. 996; Ames-Brooks Co. v. Aetna Ins. Co. 83 Minn. 346, 86 N. W. 344; Wiebeler v. Milwaukee M. M. Ins. Co. 30 Minn. 464, 16 N. W. 363; 17 Minn. L. Rev. 567. In Vance, Ins. (2 ed.) 175, the characteristics of the different kinds of oral contracts of insurance are stated.

Renewal insurance is governed by the same considerations. Aetna Ins. Co. v. Short, 124 Ark. 505, 187 S. W. 657; McCabe v. Aetna Ins. Co. 9 N. D. 19, 81 N. W. 426, 47 L. R. A. 641; Boos v. Aetna Ins. Co. 22 N. D. 11, 132 N. W. 222; Scott v. Home Ins. Co. 53 Wis. 238, 10 N. W. 387; Mallette v. British A. A. Co. 91 Md. 471, 46 A. 1005. The case of Eifert v. Hartford F. Ins. Co. 148 Minn. 17, 180 N. W. 996, involved renewal insurance. So did Stewart v. St. Paul F. & M. Ins. Co. 171 Minn. 363, 214 N. W. 58.

■ One C. E. Almen was the agent of the Agricultural Insurance Company at Minneapolis. He had authority to write collision in-

surance. He wrote, signed, and delivered policies of present insurance. On March 6, 1929, the defendant Agricultural Insurance Company through Almen wrote a policy of insurance upon an auto truck of the plaintiff for the period of one year from that date. It covered collision. Shortly before March 6, 1930, Almen reminded the plaintiff that his insurance was about to expire and solicited its continuance. That Almen had authority to contract for insurance in behalf of the insurance company is not in doubt; and if through him the Agricultural Insurance Company agreed to renew the insurance then upon the truck upon the terms of the policy about to expire the agreement was valid. Eifert v. Hartford F. Ins. Co. 148 Minn. 17, 180 N. W. 996; Ames-Brooks Co. v. Aetna Ins. Co. 83 Minn. 346, 86 N. W. 344; Wiebeler v. Milwaukee M. M. Ins. Co. 30 Minn. 464, 16 N. W. 363; Quinn-Shepherdson Co. v. U. S. F. & G. Co. 142 Minn. 428, 172 N. W. 693. The evidence sustains the finding of the jury that an agreement was made. It need not be detailed.

■ In negotiations for the insurance renewal the plaintiff used the words "renew," "rewrite," or "go ahead and write it up again." The defendant Agricultural Insurance Company seeks to distinguish the words used; and it urges that if the word "rewrite" was used or if the words "go ahead and write it up again" were used, the language did not result in an agreement of renewal. Important rights do not depend upon whether the parties used the words "rewrite," "renew," or "go ahead and write it up again" if the intention in fact is to continue or extend existing insurance. If it was the intention of the plaintiff and Almen that the existing insurance was to be renewed from its expiration on March 6, 1930, and Almen agreed to give insurance like that which expired, there was an agreement for reinsurance upon which the company is liable. The evidence sustains a finding of an oral contract of renewal insurance.

■ When insurance is renewed and the precise terms are not stated in the oral negotiations, new insurance like the expiring insurance is intended. Wiebeler v. Milwaukee M. M. Ins. Co. 30 Minn. 464, 16 N. W. 363; Scott v. Home Ins. Co. 53 Wis. 238, 10 N. W. 387; Commercial F. Ins. Co. v. Morris & Co. 105 Ala. 498,

18 So. 34; Aetna Ins. Co. v. Short, 124 Ark. 505, 187 S. W. 657; Mallette v. British A. A. Co. 91 Md. 471, 46 A. 1005; 32 C. J. p. 1143, § 251; 6 Couch, Cyc. Ins. Law, §§ 1363-1364.

■ The defendant Agricultural Insurance Company claims that at some time during the existence of the first policy and before the agreement of renewal it canceled the existing policy as far as it provided for collision insurance. The point of importance is that if the insurance against collision was canceled prior to the oral agreement of renewal in February, 1930, the new insurance did not cover collision, for there was no coverage beyond that of the existing insurance, and so there was not a loss under the policy. The appellant claims that written notice of cancelation was sent by mail. There is evidence that the plaintiff did not receive it. There was an issue for the jury, and the finding embraced in the general verdict was against the appellant's contention. This ends this phase of the defense.

■ There is an assignment of error directed to the failure of the court to submit to the jury whether an oral contract to insure was made by the plaintiff with Almen personally.

The issue was whether the plaintiff and the defendant Agricultural Insurance Company agreed upon the renewal of insurance; not whether there was a contract between the plaintiff and Almen personally for the insurance. It was not error to refuse to submit the question, not an issue in the case, whether the plaintiff had a personal contract with Almen. The charge fully explained to the jury Almen's connection with the insurance. It was not misled.

■ The contract alleged was between the plaintiff and the two defendants—a joint contract. The provision of 2 Mason Minn. St. 1927, § 9281, is:

"No variance between the allegations in the pleading and the proof is material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits. Whenever a party alleges that he has been so misled, he shall prove the fact to the satisfaction of the court, showing in what respect he has been misled; and thereupon the court may order the pleading

to be amended upon such terms as may be just. When the variance is not material, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

The defendant did not allege that it was misled nor offer to prove the fact. It must have done so to avail itself of a variance. Outcault v. Wee, 175 Minn. 443, 221 N. W. 682; Short v. Great Northern L. Ins. Co. 179 Minn. 19, 228 N. W. 440.

■ The provision of 2 Mason Minn. St. 1927, § 9282, relative to a failure of proof, is:

"When the averment to which the proof is directed is unproved, not in some particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within § 9281, but a failure of proof."

It is the claim of the defendant Agricultural Insurance Company that the plaintiff's proof comes within this statute, since the allegation was of a joint contract with the two defendants, and the proof was of a several contract between the plaintiff and the defendant appealing, so there can be no recovery in this action.

The cases are numerous holding, in the absence of statute, that proof of a several contract with one defendant when two are sued on a joint contract is a failure of proof; and that such failure defeats the action. Lee v. Blodget, 214 Mass. 374, 102 N. E. 67; Munn v. Haynes, 46 Mich. 140, 9 N. W. 136; Hibberd v. Hubbard, 211 Pa. 331, 60 A. 911; Harris v. Sanders, 186 Ala. 350, 65 So. 136; Erwin v. Devine, 24 Ky. 205; Rentz v. Live Oak Bank, 61 Fla. 403, 55 So. 856; 49 C. J. p. 813, § 1197, n. 88; 39 Cent. Dig. p. 2697, § 1316; Dec. Dig. Pleading, § 399. The rule stated is the common law rule. It prevailed in Minnesota prior to statutes now to be considered. Whitney v. Reese, 11 Minn. 87 (138); Johnson v. Lough, 22 Minn. 203.

The provision of 2 Mason Minn. St. 1927, § 9393, is:

"Judgment may be given for or against one or more of several plaintiffs, or of several defendants, and, when justice so requires, it shall determine the ultimate rights of the parties on each side as

between themselves. When two or more are sued as joint defendants, and the plaintiff fails to prove a joint cause of action against all, judgment may be given against those as to whom the cause of action is proved. And, when a several judgment is proper, the court in its discretion may give judgment for or against one or more of the defendants, leaving the action to proceed against the others."

The provision of § 9411 is:

"All parties to a joint obligation, including negotiable paper, co-partnership debts, and all contracts upon which they are liable jointly, shall be severally liable also for the full amount thereof. They may be sued thereon jointly, or separate actions may be brought against each or any of them, and judgment rendered in each, without barring an action against any of those not included in such judgment, or releasing any of those not sued: Provided, that the court, upon its own motion or on application of any interested party, may require the plaintiff to bring in as defendants all the parties jointly liable on the obligation in suit."

The provision of § 9174 is:

"Persons severally liable upon the same obligation or instrument, including parties to bills of exchange and promissory notes, and sureties on the same instrument, may all or any of them be included in the same action, at the option of the plaintiff."

The provisions of § 9174 and § 9411 are *in pari materia*. Singer v. Singer, 173 Minn. 57, 214 N. W. 778, 216 N. W. 789. Section 9174 applies to all contracts and agreements and not merely to negotiable instruments. Singer v. Singer, 173 Minn. 57, 214 N. W. 778, 216 N. W. 789.

In Morgan v. Brach, 104 Minn. 247, 116 N. W. 490, a several cause of action was pleaded in the complaint. The evidence was of a joint contract between the plaintiff of one part and the defendant and others of the other part. It was contended that there was a failure of proof. The court held that there was not. It referred to what is now § 9411 and said [104 Minn. 248]:

"In those states having statutes like the one cited, it is generally held that there is no fatal variance where it is alleged that the con-

tract was made with one and the proof shows that it was made with more than one, * * * though the rule might be otherwise in the absence of a statute making all parties to the contract jointly and severally liable."

In Hollister v. U. S. F. & G. Co. 84 Minn. 251, 254, 87 N. W. 776, 777, the court in referring to what is now § 9411 said:

"Parties jointly liable on any obligation or contract may, under the statute, be separately or jointly sued, at the election of the plaintiff."

The cases just cited differ from the one at bar. In each there was an allegation of several liability. The proof was of joint liability. Here the allegation is of joint liability and the proof is of a several liability.

The effect of § 9411 is to abrogate the common law rule as to joint parties. National Council v. Scheiber, 141 Minn. 41, 169 N. W. 272. Under § 9393 or § 9411 a joint cause of action may be alleged against several defendants and a recovery had against less than all upon the failure to prove joint liability but upon proof of the liability of less than all. Keigher v. Dowlan, 47 Minn. 574, 50 N. W. 823; Bunce v. Pratt, 56 Minn. 8, 57 N. W. 160; Bardwell-Robinson Co. v. Brown, 57 Minn. 140, 58 N. W. 872; Sexton v. Steele, 60 Minn. 336, 62 N. W. 392; Ames-Brooks Co. v. Aetna Ins. Co. 83 Minn. 346, 86 N. W. 344; Nordsell v. Neilsen, 150 Minn. 224, 184 N. W. 1023. And see 1 Williston, Contracts, § 336. There was no failure of proof within § 9282.

Order affirmed.

*STONE, Justice* (dissenting).

There is evidence showing that a contract to renew the insurance was made by Almen. But there is, in my judgment, no basis for a finding that his undertaking was binding, or ever intended to be so, upon appellant, Agricultural Insurance Company.

In all other questions dealt with by the opinion I agree.