# BOOS v. ÆTNA INSURANCE COMPANY.

### (132 N. W. 222.)

**Insurance — parol contract of.**

1. *Held*, following McCabe Bros. v. Ætna Ins. Co. 9 N. D. 19, 47 L.R.A. 641, 81 N. W. 426, that a recovery can be had in an action for a breach of a parol agreement to insure on a parol agreement, made with defendant's authorized agent, prior to the expiration of the policy.

**Evidence — sufficiency of.**

2. Evidence considered, and *held* sufficient to sustain the verdict.

**Trial — charge to jury.**

3. Court's charge to the jury examined, and *held* to state the law correctly.

**New trial — affidavit of new evidence.**

4. Affidavit presented on motion for new trial on the ground of newly discovered evidence considered, and *held* that said affidavit pertained to matters solely of a negative and cumulative nature, and that therefore there was no abuse of discretion on the part of the trial court in denying said motion.

Opinion filed June 5, 1911.

Appeal from District Court, Cass county; *Chas. A. Pollock,* J.

Action by John Boss against the Ætna Insurance Company. From a judgment in favor of plaintiff, and from an order denying a motion for judgment notwithstanding the verdict, or in the alternative for a new trial, and from an order denying a motion for a new trial, defendant appeals.

Affirmed.

*Barnett & Richardson* (*W. H. Boutelle* and *N. H. Chase,* of counsel), for appellant.

*Pierce, Tenneson, & Cupler,* for respondent.

KNEESHAW, Special Judge.   This is an appeal from a judgment, and also from an order denying defendant's motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The litigation in this case arises out of a transaction in which the plaintiff alleges that the defendant, through its authorized agent, orally agreed to renew a certain policy of insurance on a certain frame building belonging to the plaintiff and situated in the village of Leonard, Cass county, North Dakota.   It is conceded that on the 6th day of July, 1907, the defendant, through its agent, A. L. Porter, at Leonard, North Dakota, duly issued and delivered to the plaintiff its certain policy of insurance, whereby it insured said building against loss by fire in the sum of $1,000 for a period of one year from July 6, 1907, to July 6, 1908.   It is also conceded that after the expiration of one year, to wit, on the 23d of July, 1908, that said frame building was totally destroyed by fire, and the plaintiff's loss thereby exceeded the said sum of $1,000.   Plaintiff contends that prior to July 6, 1908, and before the expiration of said policy of insurance, that he entered into a parol agreement with the defendant, through its agent, whereby defendant promised and agreed to renew said policy of insurance at its expiration for the further period of one year or until July 6, 1909. The defendant failed to do so, and this action was brought to recover damages for the breach of said parol agreement.   The defendant denies the existence of such an agreement.

Plaintiff bases his right to recover on two separate causes of action, —the first being on a breach of a parol agreement to insure made prior to the expiration of the policy; and the second, on a breach of parol agreement to insure made subsequent to the expiration of said policy.

The second cause of action has been totally eliminated from this case from the fact that the trial court in its instructions to the jury submitted the case to them solely upon the question of a parol agreement made prior to the expiration of the policy as set forth in the first cause of action.   The law of this case on the question of the right of

a party to recover for the breach of a parol agreement to insure has been settled by this court in the case of McCabe Bros. v. Ætna Ins. Co. 9 N. D. 19, 47 L.R.A. 641, 81 N. W. 426, and is not, therefore, an open question.

The only question, therefore, to be considered outside of the other alleged errors is that as to the sufficiency of the evidence to sustain the verdict; and on that question the court, having carefully examined the evidence, is of the opinion that the evidence is sufficient to sustain the verdict.

The appellant also complains of the following instructions: "If you find that they did meet and a contract was made, then a verdict must be returned for the plaintiff in the sum of $1,000 and interest as alleged in the complaint." While it may be true that that portion of the charge taken alone and by itself, and without considering the instructions as a whole, might be considered misleading, yet, after carefully examining the instruction as a whole, we are of the opinion that the court instructed the jury correctly on the law of the case, and that the instructions as a whole correctly stated the law.

Appellant contends that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. The affidavit used in support of said motion considered, and held that the facts therein set forth are merely of a negative and cumulative nature, and that, therefore, there was no abuse of discretion in denying the motion for a new trial on that ground.

All of the other alleged errors considered, and the court is unable to find any prejudicial error in the same.

Having decided each of appellant's assignments of error adversely to it, it follows that the order of the District Court denying a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, and the order denying defendant's motion for a new trial, should be affirmed.

MORGAN, Ch. J., not participating. W. J. KNEESHAW, Judge of the Seventh Judicial District, sat with the court in the hearing of the above-entitled action by request.