## ARTHUR B. STEARNS v. MERCHANTS' LIFE & CASUALTY COMPANY.

### (165 N. W. 568.)

**Accident insurance — application for — policy — advance payment of premium — receipt for — to cover option of twenty days — money not remitted by agent — insured injured within the twenty days — policy issued by company without knowledge of injury — policy effective — — recovery may be had.**

1. Where, in an application for an accident insurance policy which was applied for on the 2d day of October, 1911, the receipt acknowledged the payment of $5

---

Note.—Although mere delay in passing upon application for insurance cannot be construed into acceptance thereof by the insurer, as will be found by an examination of the cases cited in notes on the subject in 36 L.R.A.(N.S.) 1211 and 51 L.R.A. (N.S.) 873, the retention of the premium seems to raise a different question, making the company liable as on an insurance contract. The proposition that an insurer should be held liable for a loss on an application for insurance because of the negligence of the insurance agent in failing to forward the application within a reasonable time is undoubtedly sound, and is discussed in a note and case in 40 L.R.A. (N.S.) 164, on the liability of an insurance company for negligent delay in passing upon or issuing policy until after loss.

"being payment in advance to carry policy so applied for to December 1, 1911," and also an agreement that, "should said company decline to issue a policy therein in twenty days from the date thereof, the amount of payment actually made should be returned to said applicant by the person signing this receipt;" and the money was not returned or offered to be returned to the insured, nor was it transmitted by such agent to the company within the twenty days, and after the lapse of said twenty days the insured was injured, but later, without knowledge of such accident and immediately upon the receipt of the application, the company approved of the risk and issued a policy thereon.—*Held*, that the insured might recover on the policy; that the receipt merely gave to the insurance company an option of twenty days in which to decline to accept said policy, and that the company not having declined the risk within the prescribed time and having approved of it for all other reasons, the policy was effective.

**Insurance company — agent of — authorized to accept applications — to receive payment of premium — acts as agent of company.**

2. "An agent of an insurance company who is authorized to accept applications and to receive advance premiums thereon is, in the transmission of such applications and premiums, the agent of the insurance company, and not of the insured."

Opinion filed October 13, 1917.   Rehearing denied December 14, 1917.

Action on an accident insurance policy.

Appeal from the county court of Ward county, Honorable *William Murray,* Judge.

Judgment for defendant.

Plaintiff appeals.

Reversed.

*J. E. Burke* and *E. T. Burke,* for appellant.

An agent of an accident insurance company who is authorized to accept applications for such insurance and to receive payment of premiums acts as the agent of the company in so doing, and not as agent of the insured.

If he fails to remit in accordance with the application, but does so later, and a policy is issued to the insured, but insured is injured before the issuance of policy, and policy is issued by company without knowledge of such injury, and such injury occurs within the time mentioned in receipt for advance premium paid, the company is liable, and a recovery may be had.   Preferred Acci. Ins. Co. v. Stone, 61 Kan. 48, 58 Pac. 986.

The insurance contract, under the application and the receipt for the advance premium, was a valid, enforceable contract, and if insured was injured during the time therein specified, he can recover, regardless of the provisions of the policy thereafter issued. Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837; Waterbury v. Dakota F. & M. Ins. Co. 6 Dak. 468, 43 N. W. 697; Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167, 45 N. W. 799; Stotlar v. German Alliance Ins. Co. 23 N. D. 346, 136 N. W. 792.

The whole trend of modern authority is to the effect that courts will look with leniency upon those who have, in good faith, made and kept their contract; and that where an insurance company accepts the benefits of a contract made by its authorized agent, it is estopped to defend against loss. Boyer v. State Farmers' Mut. Hail Ins. Co. 86 Kan. 442, 40 L.R.A.(N.S.) 164, 121 Pac. 329, Ann. Cas. 1915A, 671; Pfiester v. Missouri State L. Ins. Co. 85 Kan. 97, 116 Pac. 245.

It cannot be doubted that the insurer should be held liable for a loss sustained by an applicant for insurance, because of the negligence of the insurer's agent in failing to forward the application within a reasonable time. Duffie v. Banker's Life Asso. 160 Iowa, 19, 46 L.R.A. (N.S.) 25, 139 N. W. 1087.

The policy agreed to be issued and delivered is not the basis of this action. The agent took appellant's application for insurance, accepted his money for the premium then to be paid, and issued to appellant a proper receipt therefor. This transaction constitutes the contract. Western Assur. Co. v. McAlpin, 23 Ind. App. 230, 77 Am. St. Rep. 423, 55 N. E. 119; Tayloe v. Merchants' F. Ins. Co. 9 How. 390, 13 L. ed. 187; Commercial Mut. M. Ins. Co. v. Union Mut. Ins. Co. 19 How. 318, 15 L. ed. 636; Baile v. St. Joseph F. & M. Ins. Co. 73 Mo. 371; Wood, Fire Ins. §§ 11, 20; Kelly v. Commonwealth Ins. Co. 10 Bosw. 82; Security F. Ins. Co. v. Kentucky, M. & F. Ins. Co. 7 Bush, 81, 3 Am. Rep. 301; May, Ins. § 22a; Union Cent. L. Ins. Co. v. Pauly, 8 Ind. App. 85, 35 N. E. 190; Bragdon v. Appleton Mut. F. Ins. Co. 42 Me. 259; Kohne v. Insurance Co. of N. A. 1 Wash. C. C. 93, Fed. Cas. No. 7,920.

That even a parol agreement to insure has been held valid by the courts. Security F. Ins. Co. v. Kentucky, M. & F. Ins. Co. 7 Bush, 81, 3 Am. Rep. 301; First Baptist Church v. Brooklyn F. Ins. Co. 19

N. Y. 305; Audubon v. Excelsior Ins. Co. 27 N. Y. 216; Hamilton v. Lycoming Mut. Ins. Co. 5 Pa. 339; Davenport v. Peoria M. & F. Ins. Co. 17 Iowa, 276; Bragdon v. Appleton Mut. F. Ins. Co. 42 Me. 259; Andrews v. Essex F. & M. Ins. Co. 3 Mason, 6, Fed. Cas. No. 374; Palm v. Medina County Mut. F. Ins. Co. 20 Ohio, 529; Eames v. Home Ins. Co. 94 U. S. 621, 24 L. ed. 298.

There is here no difficulty in determining when the risk was to commence. The contract is certain. Eames v. Home Ins. Co. supra; Hartford F. Ins. Co. v. King, 106 Ala. 522, 17 So. 707; Schultz v. Phenix Ins. Co. 77 Fed. 389; Stockton v. Firemen's Ins. Co. 33 La. Ann. 580, 39 Am. Rep. 277; Emery v. Boston M. Ins. Co. 138 Mass. 412; Home Ins. Co. v. Adler, 71 Ala. 524; Newark Mach. Co. v. Kenton Ins. Co. 50 Ohio St. 556, 22 L.R.A. 772, 35 N. E. 1060; Sproul v. Western Assur. Co. 33 Or. 105, 54 Pac. 180.

The remedy sought, or the form of procedure here adopted, is proper. Comp. Laws, §§ 7439, 7440, ¶ 2.

*Bosard & Twiford* and *P. W. Guilford,* for respondent.

In the absence of a stipulation to the contrary, an accident insurance policy takes effect from its date, and a policy bearing a given date and insuring for the future only will not permit a recovery for a loss occurring prior to such date. 1 C. J. 408; Fowler v. Preferred Acci. Ins. Co. 100 Ga. 330, 28 S. E. 398; Rogers v. Equitable Mut. Life & Endowment Asso. 103 Iowa, 337, 72 N. W. 538; Rayburn v. Pennsylvania Casualty Co. 138 N. C. 379, 107 Am. St. Rep. 548, 50 S. E. 762.

This is purely an action to recover for loss, under the policy. Walker v. Farmers' Ins. Co. 51 Iowa, 679, 2 N. W. 583.

There is no showing here that the application for insurance was ever accepted by the company, prior to the date of the injury. Hartford F. Ins. Co. v. King, 106 Ala. 519, 17 So. 707.

The application made and the money paid was for a policy of insurance to be later on issued. It in no manner constituted a contract, or the contract contemplated. Wacker v. Globe F. Ins. Co. 37 N. D. 13, 163 N. W. 263.

BRUCE, Ch. J. This is an action to recover on an accident insurance policy, and the appeal is by the plaintiff from a judgment entered against him upon a directed verdict.

On October 2, 1911, the plaintiff paid a policy fee and premium to a duly authorized agent of the company, and obtained the following receipt:

Received of Arthur Stearns an application for a policy in the Merchant's Life & Casualty Company, and the sum of $5 being payment in advance to carry policy so applied for to December 1, 1911.

Signed, F. P. Francis.

It is expressly agreed, that should said company decline to issue a policy herein in twenty days from date hereof, the amount of payment actually made shall be returned to said applicant by the person signing this receipt. Applicants will please notify the company at Minneapolis, Minnesota, should the policy not be received in ten days from the date hereof.

At the same time that the money was paid to the agent and the receipt obtained, an application was signed by the insured and delivered to the agent, which contained the following language:

"This application shall not be binding upon the company until accepted at the home office, and the policy shall not be in force until actually issued and the policy fee and premium paid."

According to the rules of the company this first premium was to be paid to the agent and retained by him as a commission. . It at no time was repaid or offered to be repaid to the plaintiff.

The application, for some reason or other, was not received at the home office of the company until October 31, 1911.

The accident to the plaintiff took place on October 28, 1911.

On October 31st the policy was issued and mailed directly to the plaintiff, the general office not at that time having any knowledge of the prior accident.

It also appears that on January 12, 1912, the company received $3 additional premium from the plaintiff, Stearns, being the premium to March 1, 1912, and receipted therefor, and as far as the record shows has not returned or offered to return the same.

The preliminary notice of disability was recovered on November 7, 1911.

The verdict for the defendant was directed on the theory that the accident occurred before the policy was issued.

The receipt acknowledged that the sum of $5 was a "payment in advance to carry the policy so applied for to December 1, 1911. It "expressly agreed that, should said company decline to issue a policy herein in twenty days from date hereof, the amount of payment actually made shall be returned to said applicant by the person signing this receipt." It is true that it also contained a request in the form that "applicants will please notify the company at Minneapolis, Minnesota, should the policy not be received in ten days from date hereof;" but this was a request, and not a condition. It is also true that it contained a provision that "this application shall not be binding upon the company until accepted at the home office, and that the policy shall not be in force until actually issued and the policy fee and premium paid;" but the money was retained, the application was approved, the policy was mailed to and received by the plaintiff, and the refusal to pay was not based on any defect in the application or any fault of the insurer. The contract in short to any fair-minded man must have been, and was, that the company had twenty days in which to pass upon the application and in which to return the money if it declined to accept the risk; and that, if it did not act upon this option, the insurance would be binding. In the eyes of the law, therefore, a contract of insurance existed on the terms of the application, and the policy contracted for, whether the policy was actually and physically issued or not. The receipt was positive, to the effect that the $5 premium was received as "payment in advance to carry policy so applied for to December 1, 1911; and the options were options for the benefit of the company, and not of the insured. It could not delay the matter for twenty days and keep the money, and then repudiate the contract.

This being the case, there was, as we have before said, an implied contract of insurance upon the terms and conditions of the application and the policy; and it is immaterial whether the complaint was based upon a contract for insurance or an actual insurance contract. The policy in short was, to all intents and purposes, issued. The clause of the complaint, therefore, is sufficiently sustained by the proof, which alleges: "That on the 2d day of October, 1911, for an agreed payment

38 N. D.—34.

which was then and there made to the defendant by the plaintiff, the said defendant did thereafter issue to the plaintiff a policy on the life and health of the plaintiff, and did deliver the same to him, etc." Western Assur. Co. v. McAlpin, 23 Ind. App. 220, 77 Am. St. Rep. 423, 55 N. E. 119.

It is true that some authorities seem to hold that the action in a case such as that which is before us should be based on the theory of the negligence of the agent in not transmitting the application to the head office of the company within the twenty days' period, but we can see no real distinctions. All of these cases hold the company, as well as the agents, liable, and base the liability of the company on the terms and conditions of the policy which should have been issued. The plaintiff in short is allowed to recover for his losses sustained under the proposed policy, and not merely for his premium or his loss of time. As the supreme court of Kansas has so aptly said, the agent "was merely the arm of the defendant; the obligation resting on him was the obligation of the defendant." Boyer v. State Farmers' Mut. Hail Ins. Co. 86 Kan. 442, 40 L.R.A.(N.S.) 164, 121 Pac. 329, Ann. Cas. 1915A, 671; Pfiester v. Missionary State L. Ins. Co. 85 Kan. 97, 116 Pac. 245.

It is to be remembered in the case at bar that the company actually accepted the risk and issued the policy, so there can be no claim that the risk was in any measure undesirable or the applications inadequate.

It is also to be remembered that in such cases the agent is the agent of the company, and not of the insurer; and that the company, therefore, is chargeable with his negligence in failing to forward the application and to report the payment of the premium within the twenty days. Duffie v. Bankers' Life Asso. 160 Iowa, 19, 46 L.R.A.(N.S.) 25, 139 N. W. 1087; Boyer v. State Farmers' Mut. Hail Ins. Co. supra.

It is also to be remembered that, even after the twenty days had passed, and after the notice of the accident, the company accepted another premium of $3·thereon.

It in short accepted the risk, and that acceptance at least dated back to the last day of the twenty days' period.

The judgment of the County Court is reversed and a new trial is ordered.